UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARLA MCCUTCHEON,

      Plaintiff,

v.                                   Case No. 8:19-cv-3023-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## **ORDER**

This is an appeal of the administrative denial of supplemental security income (SSI) and disability insurance benefits (DIB).[1]  *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues her case should be remanded to the Commissioner under sentence four of 42 U.S.C. §405(g), because the Administrative Law Judge (ALJ) failed to identify an "apparent inconsistency" in the Vocational Expert's (VE) testimony about available jobs in the national economy Plaintiff can perform.  After considering Plaintiff's arguments, Defendant's response, and the administrative record (docs. 14, 17, 21), I find substantial evidence supports the ALJ's decision that Plaintiff is not disabled.  I affirm.

*A. Background*

Plaintiff Karla McCutcheon was born on December 8, 1972, and was 42 years old on her alleged onset date of February 26, 2015. (R. 25, 38)  She dropped out of

---

[1]  The parties have consented to my jurisdiction under 28 U.S.C. § 636(c).

high school in the tenth grade and has not earned her GED. (R. 40)  She has past work experience as a stocker at Big Lots and as a cook's helper in the deli department of a grocery store. (R. 41-43)   Plaintiff alleges disability due to sleep apnea, PTSD, depression, anxiety, ADHD, and back issues.

Plaintiff testified she is unable to work because, due to sleep apnea, she's "always waking up in the middle of the night.  I'd say 8 times a night.  I'm constantly waking up.  So, I sleep all day.  I never feel rested.  I take naps all through the day and all through the evening." (R. 44)  Her lack of sleep "disrupts my thinking process.  Like I have a hard time with concentration because of the lack of sleep." (*Id*.)  She dislikes crowds; they make her edgy and angry.  She "feels like an elephant's sitting on my chest." (R. 50)  She says she feels "winged butterflies [inside] and something holding me back.  The emptiness feeling gets even emptier.  I mean, it feels like a hole just in my chest." (R. 51)  She has good days and bad days.  She sometimes watches her three grandchildren when no one else can, and on two occasions her young granddaughter has wandered outside when Plaintiff fell asleep. (R. 52)  She has been Baker Acted once. (R. 55-56)

Plaintiff lives with her stepson, his girlfriend, and their three kids.  When she gets overwhelmed with the amount of activity at their house (which happens every couple of weeks), she moves in with her mom for a few days. (R. 38-39)  She does not drive for fear of falling asleep at the wheel. (R. 39)  She does light housework and cooking.  Plaintiff rarely shops at grocery stores. (R. 58-59)  She uses a CPAP machine at night, but has not been diagnosed with sleep apnea by a treating physician. (R. 53-

54) She takes a shifting assortment of medications for sleep issues, depression, and anxiety.

After the hearing, the ALJ found Plaintiff has the severe impairments of PTSD, ADHD, sleep apnea, depression, anxiety, mild lumbar degenerative disc disease (DDD), and obesity.[2] (R. 18)  Aided by the testimony of a VE, the ALJ determined Plaintiff is not disabled as she has the RFC to perform light work with the following limitations:

> limited to frequently climbing ramps and stairs, but cannot climb ladders, ropes and scaffolds.  The claimant can occasionally balance, stoop, kneel, crouch, and crawl.  She can perform occasional work around hazardous moving machinery and unprotected heights; is limited to performing simple, routine, repetitive tasks and having frequent contact with supervisors, coworkers and the general public.

(R. 19)  The ALJ found that, with this RFC, Plaintiff is unable to perform her past relevant work but could work as an electronics worker, a laundry folder, and a small parts assembler. (R. 26)  The Appeals Council denied review.  Plaintiff, having exhausted her administrative remedies, filed this action.

*B. Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[2] Plaintiff's date last insured (DLI) for DIB purposes is December 31, 2015. For DIB claims, a claimant is eligible for benefits if she demonstrates disability on or before her DLI.  42 U.S.C. § 423(a)(1)(A).  Because Plaintiff's amended DLI is December 31, 2015, she must show she was disabled on or before that date. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

### C.  Discussion

#### 1.  Jobs identified by the VE

Plaintiff advances one argument:  the ALJ ran afoul of Social Security Ruling 00-4p, because he did not investigate the apparent conflict between the VE's testimony regarding the number of jobs available in the national economy that Plaintiff can perform and the actual statistics on these jobs promulgated by the Department of Labor's Bureau of Labor Statistics (Doc. 17). The Commissioner responds that the

ALJ's decision is supported by substantial evidence (Doc. 21).   I agree with the

Commissioner.

Social Security Ruling 00-4p requires the ALJ to "identify and obtain a

reasonable explanation for any conflicts between occupational evidence provided by

[the VE] . . . and information in the [DOT]."  SSR 00-4p.

The ruling provides:

> When there is an apparent unresolved conflict between VE . . . and the
> DOT, the adjudicator must elicit a reasonable explanation for the conflict
> before relying on the VE . . . to support a determination or decision about
> whether the claimant is disabled.  At the hearings level, as part of the
> adjudicator's duty to fully develop the record, the adjudicator's will
> inquire, on the record, as to whether or not there is such consistency.
> Neither the DOT nor the VE . . . automatically "trumps" when there is a
> conflict.  The adjudicator must resolve the conflict by determining if the
> explanation given by the VE . . . is reasonable and provides a basis for
> relying on the VE . . . testimony rather than on the DOT information.

SSR 00-4p.  In arguing the Commissioner did not follow this ruling, Plaintiff

relies on the Eleventh Circuit's decision in *Washington v. Commissioner of Social Security,*

906 F.3d 1353 (11th Cir. 2018), and excerpts it at length (Doc. 17 at 7-8).   In

*Washington*, the Eleventh Circuit held that an ALJ has an affirmative duty to (1)

identify any apparent conflicts between a VE's testimony and the DOT, (2) ask the VE

about the conflict, and (3) explain the resolution of the conflict in the decision.  *Id*. at

1353-54.  But Plaintiff's argument conflates the ALJ's duty to resolve conflicts between

the VE's testimony and the DOT, recognized in *Washington*, into a duty to resolve *any*

conflict.  The holding in *Washington* does not stretch that far.

To backtrack, the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, "not mere intuition or conjecture." *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). The Supreme Court has not imposed a categorical rule addressing when a VE's job numbers estimate counts as "substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). Instead, the Supreme Court has emphasized that determining the sufficiency of VE testimony calls for a case-by-case inquiry. *Id.* at 1157.

Under 20 C.F.R. §§ 404.1566(a) and 416.966(a), work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. The ALJ, relying on the VE's testimony, determines whether a specific number of jobs constitutes a significant number. It is undisputed that a VE "is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). An ALJ may rely solely on the testimony of a VE in determining whether jobs exist that a claimant can perform. *Id.* at 1230. For example, the Eleventh Circuit has upheld an ALJ's finding (based on VE testimony) "that 174 small appliance repairman positions in the area in which the claimant resided, 1,600 general appliance repair jobs in [claimant's state], and 80,000 jobs nationwide established the existence of work in significant numbers." *Webster*, 773 F. App'x at 555 (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)).

Here, the VE's testimony, which was based on her own experience, her knowledge of the industry, and the DOT, constituted substantial evidence supporting the ALJ's finding that there are a significant number of jobs in the national economy Plaintiff can perform. (R. 60-68)   Nonetheless, Plaintiff culls statistics from the Occupational Employment Statistics (OES) quarterly report (titled "Occupational Employment and Wages (OEW) – May 2019") a publication of the Bureau of Labor Statistics (Docs. 17 at 8-9, 17-1).[3]   Plaintiff argues that the OEW's numbers demonstrate that the VE's testimony was unreliable in this case.  Specifically, although the VE testified that there are 440,000 "laundry folder" positions available nationwide (R. 66), the OEW states that in May 2019, there were a total of only 209,330 laundry and dry-cleaning workers combined in the United States (Doc. 17-1 at 22).  Even assuming all 209,330 of these jobs in the laundry industry were folders – Plaintiff contends – there is still an unreconciled conflict between the 440,000-figure cited by the VE (and relied on by the ALJ) and the OEW's figure.  Notably, during the hearing, Plaintiff did not question the VE's qualifications and did not challenge the reliability of the VE's testimony. (R. 66-68)

Plaintiff overlooks that in the Eleventh Circuit, the ALJ is only required to independently verify a VE's testimony "when there is a conflict between the VE's

---

[3]   The OES "program produces employment and wage estimates annually for over 800 occupations . . . for the national as a whole, for individual states, and for metropolitan and nonmetropolitan areas."     OES,   U.S.   Bureau   of   Labor   Statistics, https://www.bls.gov/oes/#data.  The OES program also provides "national occupational estimates for specific industries." *Id*.

testimony and the DOT." *Webster*, 773 F. App'x at 555 (citing *Washington*, 906 F.3d at 1365).  Here, the conflict (according to Plaintiff) is between the number of available jobs the VE reported and the number of available jobs shown in the figures provided by the Bureau of Labor Statistics through its OEW publication.  The Eleventh Circuit "has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the Bureau of Labor Statistics in the OES." *Webster*, 773 F. App'x at 556.  Additionally, OES figures are not part of the SSA's regulatory scheme.  *See id.*, citing 20 C.F.R. § 404.1566(d)(1), (5).

Additionally, even removing laundry worker from the list of jobs Plaintiff is capable of performing at her RFC, there are a significant number of jobs she can perform.  The VE testified she can work as a small parts assembler and an electronic worker, jobs that exist in significant numbers (190,000 for small parts assembler and 29,000 for electronics worker, R. 65-66).  Plaintiff does not challenge the ALJ's finding that these jobs exist in significant numbers in the national economy.  *See Outlaw v. Barnhart,* 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding claimant waived issue because he did not elaborate on it or cite any authority in support of it).  The Eleventh Circuit has found that smaller job numbers are still significant.  *See Brooks v. Barnhart*, 133 F. App'x 669, 671 (11th Cir. 2005) (840 jobs nationally a significant number); *Allen*, 816 F.2d at 603 (80,000 nationally significant); *Atha v. Comm'r of Soc. Sec.*, 616 F. App'x 931, 934 (11th Cir. 2015) (23,800 jobs nationally significant).

Because substantial evidence supports the ALJ's finding that Plaintiff was not disabled, the Commissioner's decision is affirmed.

**D.      Conclusion**

For the reasons stated above, it is ORDERED:

(1) The Commissioner's decision is AFFIRMED.

(2) The Clerk of Court is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED in Tampa, Florida on January 27, 2021.

*Mark A. Pizzo*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE